DAUNTLESS MANUFACTURING COMPANY v. DAVIS.

1. This court cannot consider exceptions to the taxation of costs by the clerk, the proper course being first to take the judgment of the Circuit Court upon such exceptions, and then appeal from such judgment if it is supposed to be founded upon any error.

2. The presumption being that a public officer, and more especially a Circuit Judge, has acted in accordance with law, such a construction will be placed upon an order of the Circuit Judge, if practicable, as will make it conform to law.

3. There being no little confusion, even in the books, in the use of the terms "costs" and "disbursements," regard must be had to the sense in

which those terms are intended to be used, more than to their strict technical signification.

4. In supplementary proceedings, the order of the Circuit Judge directed "that the plaintiff be allowed *the usual costs* of this proceeding to be taxed by the clerk, together with thirty dollars *in addition* for his disbursements." This order did not confine the allowance granted the plaintiff to the "thirty dollars," and was in strict accordance with the provisions of the code. In supplementary proceedings, a party may be allowed not only the sum provided for by section 321 of the Code, but also such other costs as may be provided for the several officers of the court, including the attorneys, for any specified services in an action.

5. A party cannot tax as costs $10 for motion for appointment of a receiver, there being no order of the court allowing the costs of such motion.

6. The plaintiff's attorney, under the order above stated, was entitled to have taxed as costs, $5 for order of injunction, $25 for five days' references, and $3 for three sub-writs, in addition to the $30 allowed by said order.

Before PRESSLEY, J., Greenville, April, 1885.

The opinion fully states the case.

*Messrs. W. L. Wait* and *Wells & Orr*, for appellant.

*Mr. Julius H. Heyward,* contra.

April 20, 1886.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   On January 2, 1884, Judge Kershaw, under supplementary proceedings in the above entitled action, granted an order appointing a receiver, and, amongst other things, directed "that the plaintiffs be allowed the usual costs of this proceeding to be taxed by the clerk, together with thirty dollars in addition for his disbursements, said costs and disbursements to be paid to the plaintiff's attorney by the receiver out of any funds first coming into his hands." There was no exception to or appeal from this part of the order. On March 3, 1885, due notice, accompanied with an itemized taxation proposed, of adjustment of costs was served upon the attorneys for appellant. The clerk disallowed the following items of the proposed taxation, to wit: "Procuring order of injunction, $5; five days' reference before master, $25; motion for receiver, $10; three sub-writs,

$3;" and the plaintiff's attorney duly excepted, upon the ground, amongst others which it is needless to state, that the clerk erred in disallowing said items.

Upon hearing the exceptions to the action of the clerk, Judge Pressley granted the following order: "Upon hearing the appeal from the taxation of costs made by the clerk in above entitled supplementary proceedings, it appearing that the order of Hon. J. B. Kershaw, of date January 2, 1884, provides for the taxation of said costs, it is ordered that the appeal be sustained, and that the clerk be required to tax the costs in accordance with said order. April 8th, 1885." In pursuance of this order, another notice of adjustment of costs, containing the items above mentioned as previously disallowed, was served on defendant's attorneys, and the clerk made another adjustment of the costs, allowing the items previously disallowed by him. Defendant appeals upon the following grounds:

1. Because the first taxation made by the clerk was in accordance with the former order of Hon. J. B. Kershaw, and his honor erred in refusing to sustain it.

2. Because his honor should have decided that the "thirty dollars" provided for in Judge Kershaw's order was intended to cover all the costs to be allowed to the plaintiff or his attorney to the date of that order.

3. Because, this being a special proceeding, his honor should have decided that there are no "usual costs" which can be allowed to the successful party or his attorney, and that the amount of such costs is in the discretion of the Circuit Judge, except that he cannot exceed the sum fixed by section 321 of the Code of Procedure, and must be settled by him.

4. Because the amount of costs that can be allowed to the plaintiff or his attorney in a proceeding of this kind, being limited by section 321 of the Code of Procedure to thirty dollars, and that amount having been fixed by Judge Kershaw's order, his honor erred in deciding that the plaintiff was entitled to any more costs.

5. Because his honor erred in referring this case back to the clerk to tax the costs, it being the duty of his honor to fix the amount of the plaintiff's costs.

The defendant further excepts to the taxation of costs made by the clerk on April 22, 1885 (the last adjustment), 1. Because he allowed the plaintiff the following items : Procuring order of injunction, $5; five days' reference before master, $25; motion for receiver, $10; sub-writs, $3.    2. Because the clerk erred in taxing anything more as costs for the plaintiff than the thirty dollars allowed by Judge Kershaw's order.    3. Because the clerk erred in taxing more than thirty dollars as costs for the plaintiff in addition to the amount allowed by the order of Judge Kershaw.

We may say in the outset that we cannot consider exceptions to the taxation of costs by the clerk, the proper course being first to take the judgment of. the Circuit Court upon such exceptions, and then appeal from such judgment, if it is supposed to be founded upon any error.    It is true, as was held in *Dilling, Baker & Co.* v. *Foster* (21 *S. C.*, 334), a taxation of costs made under an erroneous order of the Circuit Court may be practically corrected by an appeal from such order.    But no appeal from a taxation of costs by the clerk, or motion to correct the same, can be heard by this court.    We are pleased to find, however, that the appellant will suffer no injury by this view, for the same questions raised by the exceptions to the clerk's last taxation are substantially presented by the exceptions to the order of Judge Pressley, which are properly before us for consideration.

That part of Judge Kershaw's order which relates to the costs and disbursements, not having been excepted to or appealed from, must be regarded as the law of this case, and therefore the real question presented by this appeal is whether Judge Pressley has placed the proper construction upon the order of Judge Kershaw, though it will aid us in the consideration of this question to ascertain what is the law in reference to the matter in hand, as the presumption always is that a public officer, and more especially a Circuit Judge, has acted in accordance with law.    Hence it is our duty to place such a construction upon the order, if practicable, as will make it conform to, rather than depart from, the law.    It is true that Judge Pressley does not, in express terms, undertake to construe the order of Judge Kershaw, and at first view it might seem that his order amounted to nothing more than a direction to the clerk to carry out the order of Judge Kershaw, and,

therefore, affording no ground for appeal, yet when we consider that the clerk had, by his first adjustment of costs, undertaken to carry into effect the order of Judge Kershaw, and in so doing had disallowed the items of costs in controversy, and the exceptions to such adjustment had imputed error to him in disallowing said items, and when we find Judge Pressley sustaining those exceptions, and directing the clerk to tax the costs in accordance with the order of Judge Kershaw, we are bound to conclude that Judge Pressley so construed Judge Kershaw's order as to allow the costs disallowed by the clerk in the first adjustment. So that the question for us to determine is whether such construction was correct.

In construing orders of this kind, we must bear in mind the fact that they are usually drawn by the counsel in the cause, in the hurry of business during the sitting of the court, and that neither counsel nor judge have the time or opportunity to give such critical attention to the phraseology used as to insure technical accuracy. Indeed, there seems to be no little confusion, even in the books, in the use of the terms "costs" and "disbursements," one sometimes being used for the other, and we must look to the sense in which those terms are intended to be used more than to their strict technical signification. The theory seems to have been that the fees of the several officers of court, as well as the witnesses, would be paid by the party at the time he called their services into requisition, and when that is done the amounts thus paid would properly constitute disbursements ; but unless this is done we do not see how such fees could be properly classed as disbursements, when nothing has been disbursed; and in such case, which very frequently occurs, we do not see why such fees may not properly be taxed as costs due to the several officers of court. *Lewis* v. *Brown*, 16 *S. C.*, 58. Indeed, we suppose that a good deal of the confusion in the use of the terms "costs" and "disbursements" has arisen from this conflict between the theory and the practice—the theory being that the fees of the several officers of court and the witnesses are paid by the plaintiff or defendant, as the case may be, at the time the services are rendered, in which case they would very properly be termed disbursements and taxed as such, in order to reimburse the party for

the outlay he has been required to make; while the practice, in many cases, is that such fees are not paid at the time, but remaining due to the several officers at the termination of the action, are taxed as costs due to such officers.

We do not think, then, that any stress is to be laid upon the manner in which those terms are used in the order which we are called upon to construe, for the allowance is there spoken of as an allowance for disbursements, while in the Code, § 321, such allowance is termed costs, and such it was manifestly intended to be. The order directs "that the plaintiffs be allowed the usual costs of this proceeding to be taxed by the clerk, together with thirty dollars in addition for his disbursements." It is quite clear that the order does not confine the allowance granted the plaintiff to the thirty dollars, but that in addition thereto the plaintiff must be allowed "the usual costs;" and this, we think, is in strict accordance with the provisions of section 321 of the Code, which reads as follows: "The judge may allow to the judgment creditor, or to any party so examined, whether a party to the action or not, witness' fees and disbursements, and a fixed sum in addition, not exceeding thirty dollars, as costs."

It will be observed that this section reads now as it did when the code was originally adopted (see section 327 of the original code), at which time no costs were allowed to the attorneys, but certain fixed allowances were made to the parties for the usual proceedings in an action which were expressly designated as costs, but no fixed allowance was made for supplementary proceedings, and this section was probably inserted for the purpose of supplying that omission, and leaving it to the discretion of the judge, controlled only by a maximum, to fix the amount of such allowance in a supplementary proceeding, which, not being one of the usual proceedings in an action, was not elsewhere provided for. This section having been left unrepealed, after the amendment to the code substituting for the fixed allowances to the parties for the usual proceedings in an action the provision that the attorneys shall be entitled to certain fixed amounts for certain specified services as costs, just as the other officers of court are entitled to fixed amounts for specified services as costs, the effect is that, in supplementary proceedings, a party may be allowed not only the

sum provided for by section 321 of the Code, but also such other costs as may be provided for the several officers of the court, including the attorneys, for any specified services in an action.

It is contended, however, that a supplementary proceeding is not an action, and that as the code only provides for costs "in every civil action commenced or prosecuted in the courts of this State," and makes no special provision for costs in supplementary proceedings except that contained in section 321, no other costs can be taxed in such proceeding. But as is said by Mr. Justice McGowan, when speaking of a supplementary proceeding, in *Kennesaw Mills Co.* v. *Walker*, 19 *S. C.*, at page 107: "The proceeding is not technically what is called a special proceeding, but a continuation of the action in which the judgment was recovered, and in one sense a substitute for the former creditor's bill;" though, as is said in *Dilling, Baker & Co.* v. *Foster*, 21 *S. C.*, at page 339, "not subject to all the rules governing the chancery practice under a creditor's bill."

This, therefore, being a continuation of an action, it only remains to inquire whether the items of costs, which we think the order of Judge Pressley in effect sanctioned, are allowed by the statute fixing the costs of attorneys. All these items we find expressly provided for in sections 2426 and 2428 of the General Statutes, except the item of $10, allowed for motion for the appointment of a receiver; and finding no warrant for that, it must be disallowed. It is true that the code, in section 328, does provide that costs, not exceeding ten dollars, may be allowed, in the discretion of the court or judge, on any motion; but it is not allowed as a matter of course, but only under the order of the court or judge hearing the motion. In this case, no such order appears, and hence that item cannot be allowed.

The judgment of this court is that so much of the order of Judge Pressley as allows the item in the taxation of costs of ten dollars for motion for receiver be reversed, and that in all other respects the order be affirmed.